IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN W. SKALNIAK | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. DKC-06-812 |
| UNITED STATES OF AMERICA | * | |
| Respondent. | | |
| | *** | |

**MEMORANDUM**

On March 28, 2006, John W. Skalniak ("Skalniak"), a resident of Baltimore, Maryland, filed a letter seeking "expedited" expungement in connection with a 1979 indictment so as to gain a new job opportunity.  Paper No. 1.  He claims that he is applying for a job requiring a background check and by "chance" checked records and found that the federal charge still remains on his record after 25 years.  *Id.*  Skalniak asserts that he was arrested along with others whom he did not know and the case against him was ultimately dismissed.  *Id.*  He states that his criminal record "is clean other than this charge...." and requests expunction of the record on equitable grounds.  *Id.*

The document was treated as a Petition for Expungement.  On April 3, 2006, the Government was ordered to show cause why Skalniak's request for expungement should not be granted in *Skalniak v. United States*, Criminal No. B-79-0223 (D. Md. 1979).  On June 21, 2006, the Government filed a Motion to Dismiss or in the Alternative for Summary Judgement.  Paper No. 5.  Skalniak was notified of the opportunity to file a response and has not done so.  The case may be determined on the papers before the court.  *See* Local Rule 105.6. (D. Md. 2004).

The following objective information has been culled from the criminal docket of *Skalniak v. United States*, Criminal No. B-79-0223 (D. Md.).  On May 23, 1979, an indictment was filed charging Skalniak with: (i) conspiracy to distribute and possess phencyclidine; and (ii) aiding and abetting, in violation of 21 U.S.C. §§ 2 & 846.  The bench warrant was executed on May 24, 1979, and Skalniak was released on his personal recognizance with pretrial supervision on that same date.

He was arraigned on June 1, 1979, and pleaded not guilty. On July 31, 1979, the indictment against Skalniak was dismissed.[1]

Respondent indicates that upon receipt of the Petition for Expungement, the Drug Enforcement Administration ("DEA") was contacted to gain information regarding Skalniak's arrest. A search was conducted of various federal agency databases by the Office of Chief Counsel, Administrative Law Section, of the DEA. Paper No. 5, Ex. at Little Decl. The search determined that the DEA's investigative material on Skalniak was contained in a single file and that said file, previously archived in the Federal Records Center, had been destroyed. *Id.* Respondent indicates that because the file had been destroyed, the DEA voluntarily removed all references to the arrest from the DEA Narcotics and Dangerous Drug Information System Criminal Justice Information Systems ("NADDIS") and requested that the Federal Bureau of Investigation ("FBI") remove all such references in the National Crime Information Center ("NCIC"). *Id.* Respondent maintains that as of June 19, 2006, all entries of Skalniak's arrest were removed from NADDIS and NCIC. *Id.* It states that the only other known records reflecting his arrest are the court's records.[2] *Id.*

There is no particular federal statute or regulation which generally authorizes expungement for a federal offense. A federal court has only very limited equitable power to order the expungement of records in an criminal case and its discretionary authority to do so is a narrow one which is reserved for the unusual or exceptional case. *See United States v. Noonan*, 906 F.2d 952, 956 (3rd Cir. 1990); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *see also Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697

---

[1] The case against six of Skalniak's co-defendants proceeded to trial on July 31, 1979, the same date his indictment was dismissed.

[2] Respondent indicates that removal of the DEA and FBI records has been communicated to Skalniak and that expungement of these records is unnecessary.

(5th Cir.1997); *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (per curiam)*; Geary v. United States*, 901 F.2d 670, 679-80 (8th Cir. 1990).  The Fourth Circuit has concurred with this reasoning in recognizing that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional circumstances." *See, e.g.*, *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984);  *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir. 1972).

The view among the federal courts is that records of valid arrests, indictments, or convictions ordinarily may not be expunged. *See, e.g., United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977).   If an arrest is made on probable cause or if an indictment is properly obtained, records of these events should not be expunged, even if the charges are later dismissed. *Id*. The rationale for generally refusing to expunge arrest or indictment records is that an arrest or indictment has independent legal gravity, insofar as it shows the existence of probable cause to believe that a defendant committed a crime, even when the government ultimately fails to prove guilt.  *Id*.

In *United States v. Dunegan*, 251 F.3d 477, 480 (3rd Cir. 2001), the Third Circuit  held that a district court lacks subject matter jurisdiction to expunge a criminal record, even when no conviction resulted, absent an applicable expungement statute "or any allegation that the criminal proceedings were invalid or illegal[.]"  There may be an exception to this rule when the government dismisses the indictment and concedes the innocence of the defendant or when the indictment is constitutionally infirm, is based on a statute which is subsequently declared unconstitutional, or is returned for purposes of harassment or intimidation or some other improper reason.  *See Sealed Appellant*, 130 F.3d at 697*; Schnitzer*, 567 F.2d at 540; *United States v. Flagg*, 178 F.Supp.2d 903, 905-06 (S. D. Ohio 2001).

The sole basis for expunction outlined by Skalniak is that he is applying for a job requiring a background check.  In the 27 years since his arrest and indictment, the legality  of which have

never been called into question, there apparently have been no significant adverse consequences for him.  In similar circumstances, other courts have declined to order expungement.  *See United States v. Janik*, 10 F.3d 470, 472-73 (10th Cir. 1993); *United States v. Howard*, 275 F.Supp.2d 260, 263 (N.D. N.Y. 2003); *United States v. Aigle*, 199 F.Supp.2d 5, 7 (E.D. N.Y. 2002); *see also United States v. Peralta*, 2006 WL 1804449, *2 (S.D. Ohio, June 28, 2006).

Two opinions issued by this Court provide some guidance as to federal court jurisdiction over expunction motions and the authority to expunge.  In *United States v. Steelwright*, 179 F.Supp.2d (D. Md. 2002), Magistrate Judge Paul W. Grimm surveyed the case law on the "special" circumstances that might warrant expungement where the sole basis alleged by defendant is that he or she seeks equitable relief, *i.e.*, enhancement of employment opportunities.  Judge Grimm noted that:

> Although a nebulous concept, "extreme or exceptional circumstances" has been characterized as occurring, for example, when the underlying arrest and conviction has been the result of official misconduct or the denial of a constitutional rights. *See United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir. 1990) ("Even were expunction within the powers of the magistrate [judge], which we doubt, no government misconduct or unconstitutionality, statutory or otherwise, has been alleged."); *Allen*, 742 F.2d at 155 (quoting *Schnitzer*, 567 F.2d at 539); *Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982) (expungement available when defendant claimed his arrest was unconstitutional); *Schnitzer*, 567 F.2d at 539; *U.S. v. McLeod*, 385 F.2d 734 (5th Cir. 1967) (arrest record expunged because sole purpose behind arrest was to harass civil rights workers).  Exceptional circumstances also have been demonstrated when the statute on which the arrest was based is subsequently found to be unconstitutional. *Kowall v. United States*, 53 F.R.D. 211 (W.D. Mich.1971).  There is also some authority, including this district, suggesting that an "extreme circumstance" possibly may be demonstrated by showing that the defendant "had been denied a security clearance or specific job opportunities, or had otherwise been materially harmed by the presence of the criminal records." *Stromick*, 710 F.Supp. at 614-615; *see also United States v. Friesen*, 853 F.2d 816, 817 (10th Cir. 1988); *Diamond v. United States*, 649 F.2d 496, 498 (7th Cir. 1981) ("If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.").

*United States v. Steelwright*, 179 F.Supp.2d at 573-74.

In *United States v. Gary*, 206 F.Supp.2d 741 (D. Md. 2002), Gary, who had been acquitted of drug charges, sought to expunge her record so that she could "fulfill her dream of becoming of police officer." *Id*. Judge Frederic N. Smalkin denied the request, finding that while the district court possesses ancillary jurisdiction to expunge criminal records, it did not have power to order expungement based on "equitable considerations," *e.g.*, enhancement of employment opportunities, and its jurisdiction was limited to expunging the record of an unlawful arrest or conviction or to correct a clerical error. *Id*. at 741.   Judge Smalkin held that:

> Although there is no direct authority in this Circuit on the issue, this Court agrees with the Ninth Circuit and other circuits that this Court "possess[es] ancillary jurisdiction to expunge criminal records." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000).  However, as the *Sumner* court held, "a district court [does not have] the power to expunge a record of a valid arrest and conviction solely for equitable considerations.  In our view, a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id*. (Emphasis added.).

*See United States v. Gary*, 206 F.Supp.2d at 741-42.

Skalniak has not established equitable grounds to expunge the remaining court records. Respondent's Motion to Dismiss or for Summary Judgment will be granted and the Petition for Expungement will be denied.

A separate Order follows.


Date: ___7/13/06_____                      _____/s/_____
                                           DEBORAH K. CHASANOW
                                           United States District Judge